UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOGARD CONSTRUCTION, INC., et al.,<br><br>　　　　Movant-Plaintiffs,<br><br>　v.<br><br>SK ENERGY AMERICAS, INC., et al.,<br><br>　　　　Movant-Defendant,<br><br>　v.<br><br>OIL PRICE INFORMATION SERVICE, LLC,<br><br>　　　　Respondent. | Case No.  22-mc-80104-JSC<br><br>**ORDER RE: MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 7, 18 |

　　　　Before this action was transferred by the District Court for the District of Maryland, non-party Oil Price Information Service, LLC ("OPIS") and Plaintiffs filed motions to seal materials submitted in connection with OPIS's motion to quash and to transfer, and Plaintiffs' motion to compel. (Dkt. Nos. 7, 18.)  These motions do not comply with Civil Local Rule 79-5 which governs under seal filings in this district.

　　　　Under Local Rule 79-5, parties must file an administrative motion to seal in support of any request for sealing and include a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i)the legitimate private or public interests that warrant sealing; (ii)the injury that will result if sealing is denied; and (iii)why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.  The request for

sealing must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). To the extent that a party seeks sealing of material designated as confidential by another party, the designating party shall file a declaration in support of sealing within seven days. Civ. L.R. 79-5(f).

OPIS's motion to seal seeks to file an unredacted version of the Confidential Declaration of Linda Herbert under seal because it contains "commercially sensitive pricing and cost information." (Dkt. No. 7-1 at 2.)  While the motion does not comply with all of the technical requirements of Rule 79-5, there is enough information provided to demonstrate good cause for sealing this narrow category of information. Accordingly, OPIS's motion to seal is granted.

Plaintiffs' motion, however, seeks sealing of information that "Defendants in the Gasoline case have designated as Protected Material pursuant to the Stipulated Protective Order" as well as information based on the Confidential Herbert Declaration. (Dkt. No. 18-1 at 2.) The motion is granted to the extent that it is based on a request to seal information from the Confidential Herbert Declaration, but it is denied in all other respects as among other things it fails to identify with particularity the materials sought to be filed under seal and the designating party has not submitted a declaration in support of sealing. This denial is without prejudice to Plaintiffs filing a new administrative motion to seal in accordance with Civ. L.R. 79-5(c) and Defendants filing a declaration in support of sealing in accordance with Civ. L.R. 79-5(f). Any such renewed motion to seal shall be filed by July 8, 2022.

This Order disposes of Docket Nos. 7, 18.

**IT IS SO ORDERED.**

Dated: June 23, 2022

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States District Judge